ANDREW W. STEVENSON, Defendant Below, Appellant, *v.* STATE OF DELAWARE.

(*October* 13, 1939.)

TERRY, J., sitting.

*Isaac D. Short, 2nd,* for appellant.

*Caleb M. Wright* for respondent.

Superior Court for Sussex County, No. 3, October Term, 1938.

TERRY, J., delivering the opinion of the Court:

In dealing with this question, undoubtedly it would be helpful to ascertain the different definitions ascribed to the word "apparent," as defined by the following authorities:

(a) Winston defines the word "apparent" to mean "open to view"; "capable of being easily understood"; "evident"; "seeming"; rather than "true" or "real." Winston defines the word "apparent" as being synonymous with "likely," "probable," or "obvious."

(b) Webster defines the word "apparent" as an adjective and having a primary meaning of "capable of being seen, or easily seen"; "open to view"; "visible to the eye"; "within sight or view"; as "apparent" defects. The secondary meaning by Webster is "clear or manifest to the understanding"; "plain"; "evident"; "obvious"; "known"; "palpable"; "indubitable." The word "indubitable," as defined by Webster, means "certain," "unquestionable."

(c) Black defines the word "apparent" to be that which is "obvious," or "manifest"; "what appears or has been made manifest."

Under Winston, Webster, and Black, the word "ap-

parent" has the same primary meaning. Webster, however, defines "apparent" as having a secondary meaning of "indubitable," and "indubitable" Webster defines as meaning "certain" or "unquestionable," which I accept as being synonymous to the word "sure." If the word "indubitable" were eliminated from Webster's definition of the word "apparent," I would have no difficulty in definitely holding that the word "apparent" did not have a dual meaning. However, I can understand the difficulty that Courts of other jurisdictions have had in dealing with the proper application of the word "apparent" when the fact has been argued before them that the word has a dual meaning.

It is fundamentally sound to conclude that when the Legislature, by an act of amendment, adds to or detracts from a statute, that such addition or detraction is for the purpose of either clarifying, altering or changing the meaning thereof.

In determining Legislative intent, we start with *Chapter* 10, *Volume* 36, *Laws* of *Delaware,* wherein the Legislature enacted an act entitled "An Act concerning Motor Vehicles and making Uniform the Law relating Thereto." Under *Paragraph* (*b*) of *Section* 107 of that act, the following appears:

"The driver of any vehicle involved in an accident resulting in damage to property shall immediately stop such vehicle at the scene of such accident and any person violating this provision shall upon conviction be punished as provided in *Section* 144 of this *Act.*"

In the above act it is logical to conclude that the word "damage" as used in its unqualified sense could only mean "certain," "sure," "real," or "actual" damage. It was not material as to whether or not the damage should be obvious, visible to the eye, evident, plain, open to view, or capable of being seen. Therefore, I, of necessity, must

conclude that the word "damage," as used in the above act, means "certain," "sure," "real," or "actual" damage.

The Legislature, however, under *Chapter* 38, *Volume* 40, *Laws* of *Delaware,* obviously concluded that the duty of the driver of a vehicle involved in an accident resulting in damage to property should be qualified, and consequently they amended *Chapter* 10, *Volume* 36, *Laws* of *Delaware* by the enactment of *Chapter* 38, *Volume* 40, *Laws* of *Delaware* as follows:

"The driver of any vehicle involved in an accident resulting in apparent damage to property shall immediately stop such vehicle at the scene of such accident and any such person violating this provision shall upon conviction be punished as provided in *Section* 144 of this *Act."*

Did the Legislature, by amending *Paragraph* (*b*) of *Section* 107, aforesaid, by inserting after the word "in" and before the word "damage," the word "apparent," attempt to clarify, add to, or detract from the duty of the driver of a motor vehicle involved in an accident resulting in damage to property?

I cannot conceive that anyone could say with any degree of sound logic that the word "apparent" was inserted by way of an amendment to *Paragraph* (*b*) of *Section* 107, for the purpose of clarifying the word "damage" as used in said paragraph.

Likewise I cannot with any degree of reason conclude that the word "apparent" would add to the duty imposed upon the driver of a vehicle involved in an accident resulting in damage to property.

It would be illogical to reason that the word "apparent" as used in the amended act means "sure," "certain," "real," or "actual" as the addition of the word "apparent" in this sense would be superfluous.

Under *Section* 1 of *Chapter* 1 of the *Revised Code* of 1935, dealing with the rules and constructions of statutes, the following appears:

(a) "All words and phrases shall be construed according to the common and approved usage of our language; but technical words and phrases, and such others as have acquired a peculiar and appropriate meaning in law, shall be construed and understood according to such peculiar meaning."

It is my opinion that the common and approved usage of the word "apparent" is as defined primarily by Winston, Webster, and Black and meaning "open to view"; "capable of being easily understood"; "evident"; "seeming," rather than true or real; "capable of being seen"; "easily seen"; "visible to the eye"; "within sight or view"; "obvious"; "manifest"; "what appears or has been made manifest."

Therefore, my conclusion necessarily follows that the Legislature intended by its amendment, in inserting the word "apparent" after the word "in" and before the word "damage," to qualify the duty of the driver aforesaid, wherein and whereby he would only be liable in the event the damage was apparent in the sense of being "open to view"; "capable of being easily understood"; "evident"; "seeming," rather than true or real; "capable of being seen"; "easily seen"; "visible to the eye"; "within sight or view"; "manifest"; "obvious"; "what appears or has been made manifest."

*Paragraph (b)* of *Section* 107, *Chapter* 38, *Volume* 40, *Laws* of *Delaware*, in my opinion is constitutional.

The judgment below is hereby sustained.

*Procedendo* is hereby ordered issued.